IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEROY JENKINS,
A-73818,

Petitioner,

vs.

KIMBERLY BUTLER,

Respondent.                                              Case No. 16-cv-00231-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Leroy Jenkins, who is currently incarcerated at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). In addition, Jenkins has filed a motion for stay in abeyance (Doc. 3).

## Procedural History

On February 8, 1983, following a bench trial in the First Circuit Court of Williamson County, Illinois, Jenkins was convicted of armed robbery, aggravated kidnapping, deviate sexual assault, and unlawful restraint. (Doc. 1, p. 1). Jenkins was sentenced to natural life in prison without parole. *Id*. On September 20, 1984, the Appellate Court of Illinois, Fifth District vacated the unlawful restraint conviction, but affirmed his other convictions and his natural life sentence.

Jenkins filed an appeal with the Illinois Supreme Court, which was denied on October 29, 1984.

After seeking and being denied post-conviction relief in state court on multiple occasions, Jenkins sought habeas corpus relief in this Court pursuant to § 2254. *See Jenkins v. Cowan*, 99-cv-0962-MJR (Doc. 7). On September 24, 2001, the Court entered an order finding that the petition was time barred and dismissed the case. *See id*. (Doc. 27).

Jenkins did not disclose in the present motion that he had filed any other petitions, applications, or motions in federal court other than *Jenkins v. Cowan*, 99-cv-0962-MJR, but the Court's review of the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov)[1] reveals that he has. On May 7, 2012, Jenkins filed an application with the Seventh Circuit Court of Appeals seeking authorization to file a second or successive petition for collateral review, *See Jenkins v. Atchison*, No. 12-2121 (7th Cir. filed May 7, 2012). In his application, Jenkins raised a slew of claims, including claims that his trial counsel was ineffective and that the trial court should have declared a mistrial. He also raised a *Batson* challenge, a claim that the charging document was insufficient, and a claim challenging the constitutionality of the Illinois Habitual Criminal Act. On May 11, 2012, the Seventh Circuit issued an order denying authorization and dismissing Jenkins' application on the grounds that Jenkins had failed "to allege that he could not have discovered evidence of these claims

---

[1] A court may take judicial notice of public records available on government websites. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

previously through the exercise of due diligence, § 2244(b)(2)(B)(i)" and that he had not cited any new constitutional rules in support of his claims, as required by § 2244(b)(2)(A).

## Discussion

In the instant petition, Jenkins again challenges the conviction underlying his 1983 sentence and judgment. (Doc. 1). Jenkins raises multiple claims, all related to his assertion that his trial, appellate, and post-conviction counsel were ineffective. This Court, however, is not authorized to review the merits of Jenkins' claims because the petition is subject to dismissal pursuant to 28 U.S.C. § 2244(b)(3)(A), which states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The dismissal of Jenkins's prior § 2254 petition as untimely counts as a prior habeas action for purposes of the limitations on his second or successive petitions. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Jenkins acknowledges that the instant action constitutes a second or successive § 2254 petition and that he must receive permission prior to proceeding. (*See* Doc. 3, p. 1). However, Jenkins has not obtained permission from the Seventh Circuit Court of Appeals, as required by § 2244(b)(3)(A), to file a second or successive petition. In fact, when Jenkins previously sought permission from the Seventh Circuit in an application that raised nearly identical claims, the Seventh Circuit denied him permission. Because Jenkins did not first

obtain permission from the Seventh Circuit Court of Appeals to maintain the instant § 2254 action in this Court, the Court lacks jurisdiction to grant Jenkins the relief he seeks. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). On this basis, the entire matter is dismissed.

## Disposition

**IT IS HEREBY ORDERED** that Jenkins's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of jurisdiction. Jenkins's motion for recruitment of counsel (Doc. 2) and his motion for stay in abeyance (Doc. 3) are **DENIED**.

Should Jenkins desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the

request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Jenkins has not obtained permission to file the present action, and therefore he is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: March 28, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.03.28 20:58:43 -05'00'

**United States District Judge**